# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### FEBRUARY 1999 SESSION



**FILED**

March 18, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| JAMES MICHAEL PITTS, | ) | |
| | ) | |
| Appellant, | ) | C.C.A. No. 01C01-9803-CR-00130 |
| | ) | |
| vs. | ) | Davidson County |
| | ) | |
| STATE OF TENNESSEE, | ) | Honorable Walter C. Kurtz, Judge |
| | ) | |
| Appellee. | ) | (Post-Conviction) |
| | ) | |

**FOR THE APPELLANT:**

DALE M. QUILLEN
MICHAEL J. FLANAGAN
95 White Bridge Road, Suite 208
Nashville, TN 37205

**FOR THE APPELLEE:**

JOHN KNOX WALKUP
Attorney General & Reporter

DARYL J. BRAND
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243

JOHN ZIMMERMAN
Asst. Dist. Attorney General
Washington Sq., Suite 500
222-2nd Avenue North
Nashville, TN 37201-1649

OPINION FILED: _____

AFFIRMED - RULE 20

JAMES CURWOOD WITT, JR., JUDGE

**OPINION**

The petitioner, James Michael Pitts, appeals the Davidson County Criminal Court's dismissal of his 1997 petition for post-conviction relief in which he attacked his 1993 conviction on multiple counts of delivery of cocaine. In his petition, petitioner alleges various instances of the ineffective assistance of trial counsel, including the failure to file a timely motion to suppress the defendant's pre-trial statement, the failure to adequately prepare for trial, the failure to supervise the defendant in his conversations with law enforcement officers, the failure to prevent the introduction at trial evidence of the defendant's other crimes and prior bad acts, the failure to present evidence on the issue of sentencing enhancement, and the failure to appear at the hearing on the motion for new trial. We have heard oral argument and reviewed the record and applicable law, and we affirm the judgment of the trial court pursuant to Rule 20 of the rules of this court.

The record contains a transcript of the post-conviction hearing. The transcript and the record as a whole fail to establish any of the allegations of ineffective assistance of counsel. The transcript reflects that some of the allegations were expressly waived during the hearing. Notably, the petitioner was unable to prove any merit to the untimely-filed motion to suppress his pre-trial statement, trial counsel's failure to prepare the petitioner's case, counsel's failure to appear at the hearing on the motion for new trial or that, if he failed to appear, any resulting prejudice, counsel's responsibility for conversations between the petitioner and law enforcement officers, or counsel's responsibility for any breach of agreement between the petitioner and the officers. He failed to present any evidence that, if presented at trial, could have resulted in any different result.

The petitioner had the burden of proving his allegations by clear and convincing evidence. Tenn. Code Ann. § 40-39-210(f) (1997). The post-conviction court's findings of fact are afforded the weight of a jury verdict and are conclusive

2

on appeal unless the evidence in the record preponderates against them. State v. Henley, 960 S.W.2d 572, 578 (Tenn. 1997). We do not reweigh or reevaluate the evidence. Id. at 579. The burden is on the appellant to demonstrate that the evidence preponderates against the post-conviction court's findings. Id. In this case, the petitioner failed to carry his burden both at the trial court level and on appeal, and moreover, there would be no precedential value to a full opinion in this matter.

Accordingly, the matter is affirmed pursuant to Rule 20.


_____
JAMES CURWOOD WITT, JR., Judge

CONCUR:


_____
DAVID G. HAYES, Judge


_____
JOHN EVERETT WILLIAMS, Judge